UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil action no.: |
| **EAGLE FENCE II, INC.,** and **RUSTY DENHAM,** individually, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **EAGLE FENCE II, INC.** and **RUSTY DENHAM, individually, (hereinafter "Defendants")** from violating the provisions of sections 7 and 11 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

**II**

(a)     Defendant **EAGLE FENCE II, INC.**, is and, at all times hereinafter mentioned, was a corporation with an office and a place of business at 5120 Lewis Road, Fort Wayne, in Allen County, Indiana, within the jurisdiction of this court, and is and, at all times hereinafter

mentioned, was engaged in the installation of aluminum, chain-link, vinyl and wood fences for residential and commercial customers and in the performance of related types of activities.

(b) Defendant **RUSTY DENHAM**, an individual, resides at 7120 Lewis Road, Fort Wayne, in Allen County, Indiana, within the jurisdiction of this court, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees through his involvement in the daily operations and management of the corporate defendant and is an employer within the meaning of section 203(d) of the Act

### III

Defendant **EAGLE FENCE II, INC.** is and at all times hereinafter mentioned was an enterprise engaged in related activities performed through unified operation or common control for a common business purpose within the meaning of section 3(r) of the Act.

### IV

Defendant **EAGLE FENCE II, INC.** is and at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

### V

Defendants have violated repeatedly the provisions of section 7 of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the

production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. The violations include, but are not limited to, defendants failure to pay wages to employees in some workweeks resulting in employees not receiving their regular wage rate and overtime compensation for hours worked over forty in the workweek.

## VI

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR § 516, in that records, if originally made, were not kept, and any such reproductions fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## VII

During the period since September 2017, defendants have violated repeatedly the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid overtime compensation found to be due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. 6621; and

(c) For an Order awarding plaintiff the costs of this action; and

(d) For an Order granting such other and further relief as may be necessary or appropriate.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**KATE O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


 /s/   Edward V. Hartman
**EDWARD V. HARTMAN**
Senior Trial Attorney

Attorneys for **EUGENE SCALIA,**
Secretary of Labor,
United States Department of Labor,
Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, IL  60604

Telephone:    (312) 353-1143
Facsimile:     (312) 353-5698
E-mail:hartman.edward.v@dol.gov;
          sol-chi@dol.gov

5

**EXHIBIT A**

Beamer, Andrew
Comer, Jr., Ronald E.
Daugherty, Bryon T.
Flaugh, Michael P.
Hipsher, Steven R.
Homister, Sebastian
LaCivita, Anne M.
Littlejohn, Robert D.
Meyer, Randall L.
Michalak, Mary JB
Morton, Scott E.
Rasor, Jonathan
Roy, DeWayne K.
Sutter, Jason G.
Terry, Joshua J.
Tuggle, Ashton A.
Tuggle, Kristine
Tuggle, Logan R.