UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br>　　　　Plaintiff, <br><br>v. <br><br>EAGLE FENCE, II, INC., and RUSTY DENHAM, individually, <br><br>　　　　Defendants. | ) ) ) ) ) ) CASE NO. 1:20-CV-00188-HAB-SLC ) ) ) ) ) ) |

**CONSENT ORDER AND JUDGMENT**

Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants EAGLE FENCE, II, INC., and RUSTY DENHAM, individually, (collectively "Defendants") having appeared by counsel, having answered and having been duly advised, agree to the entry of this Consent Order and Judgment without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and Defendants and for cause shown, it is:

**ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7 , 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at EAGLE FENCE, II, INC., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than the hours now, or which in the future become, applicable under 29 U.S.C. §§ 207 and 215(a)(2), unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

2. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at EAGLE FENCE, II, INC., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R.

Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

      3.      Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities:

      a.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

      b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

      c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

      4.      Defendants shall provide each current and new employee with FLSA Fact Sheet 23 (Overtime Pay Requirements of the FLSA), which is publicly available at https://www.dol.gov/whd/fact-sheets-index.htm.

      **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendants in the total amount of $6,200.

      5.      The Secretary shall recover from Defendants the sum of $3,100 in unpaid overtime compensation covering the period from September 30, 2017 to March 30, 2018, for

Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $3,100 in liquidated damages.

    a.    At the time of Defendants' execution of this Consent Order and Judgment, Defendants shall deliver payment in the amount of $6,200 by check payable to "Wage and Hour – Labor" and sent to the U.S. Department of Labor, Wage and Hour Division, Midwest Region, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants may also deliver payment by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

    b.    Defendants shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

    c.    Upon receipt of full payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Secretary.

    d.    Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

    e.    Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of

their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

      f.      The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

      **FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(e)(2) of the Act, in favor of the Secretary and against Defendants in the total amount of $3,585, which represents Civil Money Penalties.

      6.      At the time of Defendants' execution of this Consent Order and Judgment, Defendants shall deliver payment in the amount of $3,585 by check payable to "Wage and Hour – Labor" and sent to the U.S. Department of Labor, Wage and Hour Division, Midwest Region, P.O. Box 2638, Chicago, Illinois 60690-2638. Defendants may also deliver payment by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

      7.      By entering into this Consent Order and Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

    It is **FURTHER ORDERED** that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 23rd day of June, 2022.

                                                s/Holly A. Brady
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT JUDGE

Entry of this judgment
is hereby consented to:


By  s/Rusty Denham   6/13/2022

**Rusty Denham**
Owner
Eagle Fence II, Inc. dba Eagle Fence, Inc.
7120 Lewis Road
Fort Wayne, Indiana 46818
rusty@eaglefenceinc.com

Defendant


By s/Rachel K. Steinhofer     6/14/2022

**Rachel K. Steinhofer, #29281-49**
BarrettMcNagny
215 E. Berry Street
P.O. Box 2263
Fort Wayne, Indiana 46801
Phone: (260) 423-8832
Fax:  (260) 423-8920
E-mail:  rks@barrettlaw.com

Attorney[s] for Defendant

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


 s/ Edward V. Hartman         6/21/2022
**EDWARD V. HARTMAN**

Edward V. Hartman
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Phone: (312) 353-1143
Fax: (312) 353-5698
hartman.edward.v@dol.gov
IL ARDC  6281839

*Attorneys for Plaintiff MARTIN J. WALSH*
*Secretary of Labor, United States Department*
*of Labor*

**EXHIBIT A**

| | |
|---|---|
| Comer, Jr., Ronald E. | $1,280 |
| Hipsher, Steven R. | $496 |
| LaCivita, Anne M. | $1,376 |
| Meyer, Randall L. | $228 |
| Michalak, Mary JB | $1,032 |
| Morton, Scott E. | $656 |
| Roy, DeWayne K. | $386 |
| Terry, Joshua J. | $406 |
| Tuggle, Ashton A. | $160 |
| Tuggle, Kristine | $180 |